IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE J. CLARK, JR. | : | CIVIL ACTION |
| v. | : | |
| WILLIAM WAYNE PUNSHON | : | NO. 12-6403 |
| JOHN J. CAPUZZI | : | |

MEMORANDUM

SLOMSKY, J.                                     NOVEMBER 16th, 2012

Plaintiff Maurice J. Clark, Jr., brought this civil action, pursuant to 42 U.S.C. § 1983, against William Wayne Punshon, his court-appointed attorney, and Judge John Capuzzi, who is presiding over his criminal proceeding in state court. He seeks to proceed in forma pauperis. The Court will grant plaintiff leave to proceed in forma pauperis because he has satisfied the requirements set forth in 28 U.S.C. § 1915, and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

According to the complaint, plaintiff is currently being held at the George W. Hill Correctional Facility in light of criminal charges that have been brought against him in the Delaware County Court of Common Pleas. During the course of the criminal proceedings, plaintiff sought to represent himself. Accordingly, Judge Capuzzi ordered a mental health evaluation. The psychiatrist who examined plaintiff diagnosed him as a paranoid schizophrenic, and concluded that he was incompetent to represent himself and possibly incapable of cooperating with his

1

attorney.[1]

As a result of the evaluation, Attorney Punshon filed a petition for involuntary commitment. After conferring with Attorney Punshon and the Assistant District Attorney, Judge Capuzzi granted the petition and committed plaintiff to Norristown State Hospital. Plaintiff contends that his attorney made false statements in the petition, that he was not informed that the petition would be filed, and that he was not given a proper hearing in accordance with the Mental Health Procedures Act and the Due Process Clause of the United States Constitution. Plaintiff also believes that the Judge ordered his commitment to pressure him to plead guilty. He seeks a declaration that his constitutional rights were violated, an injunction terminating Attorney Punshon as his counsel, an injunction directing Judge Capuzzi to vacate the commitment order, and $15,000 in punitive damages from Attorney Punshon.

As plaintiff is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and legally baseless if it is "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080,

---

[1] Plaintiff vehemently disagrees with the doctor's conclusions.

1085 (3d Cir. 1995).

"[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." See Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995). Attorney Punshon is not a state actor for purposes of § 1983, so there is no legal basis for plaintiff's claims against him.[2] See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted). Additionally, absolute judicial immunity precludes plaintiff from asserting § 1983 claims for injunctive relief against Judge Capuzzi based on the way that he ruled in plaintiff's criminal case. See Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam) (judicial immunity precludes § 1983 claims for injunctive relief based on actions taken in a judge's judicial capacity). Although principles of judicial immunity would not preclude declaratory relief, declaratory judgment is unavailable "solely to adjudicate

---

[2]As plaintiff's allegations fall far short of establishing a conspiracy between Attorney Punshon and Judge Capuzzi to violate his rights, Attorney Punshon may not be considered a state actor on the basis that he conspired with the Judge. See Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993); see also Dennis v. Sparks, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and [prevailing in court] does not make a party a co-conspirator or a joint actor with the judge."); Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred.").

3

past conduct" or "to proclaim that one party is liable to another." <u>Corliss v O'Brien</u>, 200 F. App'x 80, 84 (3d Cir. 2006) (per curiam). In any event, plaintiff is not entitled to the injunctive or declaratory relief that he seeks, because federal courts are generally prohibited from interfering in state criminal proceedings. <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37, 43-45 (1971); <u>see also</u> <u>Samuels v. Mackell</u>, 401 U.S. 66, 72 (1971) ("[O]rdinarily a declaratory judgment will result in precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions was designed to avoid.").

For the above reasons, the Court will dismiss the complaint. Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows.